NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 16 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LANARD TOYS LIMITED,

        Plaintiff-Appellee,

  v.

DIMPLE CHILD LLC,

        Defendant-Appellant.

No.   20-55512

D.C. No. 2:19-cv-00616-PA-E

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted February 11, 2021[**]
Pasadena, California

Before: O'SCANNLAIN, CALLAHAN, and OWENS, Circuit Judges.

    Defendant-Appellant Dimple Child LLC appeals from the district court's

denial of its motions for judgment as a matter of law and a new trial and from the

district court's order granting attorney's fees to Plaintiff-Appellee Lanard Toys

Limited. The jury found Dimple Child liable for copyright infringement and

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

awarded Lanard statutory damages, actual damages, and Dimple Child's profits. The district court awarded Lanard attorney's fees as the prevailing party on the copyright claim. As the parties are familiar with the facts, we do not recount them here. We affirm.

1. "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion." Fed. R. App. P. 10(b)(2). Although Dimple Child's failure to provide a transcript constitutes a violation of Rule 10(b)(2), we have discretion to address Dimple Child's challenge to the district court's denial of its motions for judgment as a matter of law and for a new trial based on the limited record and briefing before us. We do so here.

A motion for judgment as a matter of law may be granted where "the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to that of the jury." *Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 604 (9th Cir. 2016) (internal quotation marks and citation omitted). Dimple Child contends that judgment as a matter of law is warranted with respect to Lanard's copyright claim, arguing that there was no evidence of copying or actual damages to sustain the jury's verdict, and that judgment is also warranted based on its equitable defense of "unclean

2

hands." Dimple Child's efforts to overturn the jury's verdict here are not meritorious.

"In the absence of direct evidence of copying . . . the plaintiff can attempt to prove it circumstantially by showing that the defendant had access to the plaintiff's work and that the two works share similarities probative of copying." *Skidmore ex rel. Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020) (internal quotation marks and citation omitted) (en banc). It appears from the limited record provided that the jury heard evidence of the toys' similarities that would justify a finding that they are probatively similar. And it appears that evidence was presented that Dimple Child's principal frequently searched for toys on Amazon.com and that he admitted that he probably had seen Lanard's toy on that site, which is sufficient to establish access to the protected work. *See Loomis v. Cornish*, 836 F.3d 991, 995 (9th Cir. 2016). The record presented is far from enough to compel us to overturn the jury's verdict on this issue. Moreover, with respect to damages, it appears that Lanard presented evidence of its lost sales at the time that Dimple Child began selling its infringing product, which is sufficient to sustain the jury's verdict on this point. *See Oracle Corp. v. SAP AG*, 765 F.3d 1081, 1087 (9th Cir. 2014).

A defense of unclean hands requires proving that the plaintiff engaged in inequitable conduct that relates to the subject matter of its claims. *See Levi Strauss*

3

*& Co. v. Shilon*, 121 F.3d 1309, 1313 (9th Cir. 1997). The district court did not abuse its discretion in concluding that Lanard did not engage in inequitable conduct merely by bringing causes of action that were ultimately unsuccessful.

Therefore, the district court did not err in denying Dimple Child's motion for judgment as a matter of law. For the same reasons, the district court did not abuse its discretion in denying the motion for a new trial.

2. We review the "district court's decision to award attorney's fees under the Copyright Act . . . for an abuse of discretion." *Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1216 (9th Cir. 1997).

a. Only the prevailing party may be awarded attorney's fees under the Copyright Act. 17 U.S.C. § 505. No relevant authority supports Dimple Child's argument that Lanard cannot be the prevailing party on the copyright claim merely because it did not succeed on its other claims. While Dimple Child was the prevailing party on the intentional interference with prospective economic advantage and trade dress infringement claims, no authority supports its request for recovery of attorney's fees for the intentional interference claim, and Dimple Child failed to establish "exceptional" circumstances that would allow recovery of fees for the trade dress claim. *See* 15 U.S.C. § 1117(a).

b. Many factors inform a district court's determination of whether a party should be awarded fees under the Copyright Act. *See Perfect 10, Inc. v. Giganews,*

4

*Inc.*, 847 F.3d 657, 675 (9th Cir. 2017) (listing factors). Here, the district court awarded fees because Lanard advanced the purposes of the Copyright Act in discouraging infringement and because Dimple Child presented a weak defense. These are valid bases for awarding attorney's fees. *See id.* And the district court, which enjoys "wide latitude" in making such determinations, *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016), was in the best position to evaluate the strength of Dimple Child's trial defense.

c. The district court may award attorney's fees by first determining a reasonable "lodestar" fee (multiplying the hours reasonably worked by a reasonable hourly rate). *See McElwaine v. US W., Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999) (per curiam). The court may then adjust the lodestar to ensure a reasonable fee award. *See Stetson v. Grissom*, 821 F.3d 1157, 1167 (9th Cir. 2016). "A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983).

Here, the court first adjusted Lanard's proposed lodestar from $248,898 to $240,371 by excluding several hours related to Lanard's unsuccessful claims from the billing records. Then, the court awarded Lanard twenty percent of the lodestar amount, in proportion to Lanard having prevailed on one out of five claims and having won roughly twenty percent of the damages it originally sought. This

5

approach is in line with Supreme Court precedent. *See id.* at 436 ("[T]he most critical factor is the degree of success obtained."). And, contrary to Dimple Child's argument, "Federal Rule of Evidence 408 does not bar district courts in the Ninth Circuit from considering amounts discussed in settlement negotiations as evidence of the extent of the plaintiff's success." *A.D. v. Cal. Highway Patrol*, 712 F.3d 446, 460-61 (9th Cir. 2013). Therefore, the district court did not abuse its discretion in awarding $48,074.20 in attorney's fees.

**AFFIRMED.**